**Jacquard MERRITT, Plaintiff–Appellant,**

v.

**DRUG ENFORCEMENT ADMINISTRATION, Defendant–Appellee.**

**No. 09–10231 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 28, 2010.

Joe Morgan Reed, Montgomery, AL, for Plaintiff–Appellant.

Tommie Brown Hardwick, U.S. Attorney's Office, Montgomery, AL, for Defendant–Appellee.

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

Jacquard Merritt appeals the district court's dismissal of his civil action seeking to set aside the Drug Enforcement Administration's seizure and the subsequent forfeiture of $8,000 in United States currency.

A district court's jurisdiction to review forfeiture orders is limited to deciding whether the agency properly followed the procedural safeguards of the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983. *See Valderrama v. United States,* 417 F.3d 1189, 1196 (11th Cir.2005). The district court properly concluded that Merritt alleged nothing that brought into question the procedural aspects of the forfeiture. (R.1–14.) And, it properly concluded that it lacked jurisdiction to review the merits of a properly executed administrative forfeiture for the reasons stated in its memorandum opinion and order. (*Id.*)

Additionally, we find no error in the district court's decision not to exercise equitable jurisdiction. As in *Valderrama,* Merritt "received all the required notice . . . in sufficient time to challenge the forfeiture proceeding. 'It is inappropriate for a court to exercise equitable jurisdiction to review the merits of a forfeiture matter when the petitioner elected to forego the procedures for pursuing an adequate remedy at law.'" 417 F.3d at 1197 (quoting *In re Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00),* 901 F.2d 1540, 1545 (11th Cir.1990)).

AFFIRMED.